**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE BERNARDINO HERNANDEZ-CERECERO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1523

Agency No.
A097-222-143

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Petitioner Jose Bernardino Hernandez-Cerecero is a Mexican citizen and

national who first entered the United States in 1991. Hernandez-Cerecero seeks

review of a Board of Immigration Appeals ("BIA") order denying his motion to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reconsider the agency's denial of his untimely motion to reopen his case. We deny his petition.

"[T]his court has jurisdiction to review [BIA] decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). "[O]ur review under *Bonilla* is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

Hernandez-Cerecero argues that the BIA erred by supporting its decision with citations to prior cases in which the agency denied *sua sponte* reopening that, in his view, are factually distinguishable. But "we have no authority to consider the consistency of the BIA's decisions, or to even *begin* comparing the circumstances of the present case against the circumstances in past cases where sua sponte relief was granted." *Id.* at 1237.

Here, the BIA appropriately framed its denial of Hernandez-Cerecero's motion to reconsider as an exercise of its broad discretion. The BIA observed that, even if Hernandez-Cerecero met the continuous physical presence requirement for cancellation of removal, he nonetheless failed to show that reconsideration was "warranted" under the agency's broad discretionary authority. *See id.* at 1234

(finding no legally erroneous "misunderstanding" where the BIA determines that a motion to reopen "does not *warrant* reconsideration").  The BIA's observations about its previous uses of discretion did not constrain the agency's exercise of that discretion here, and the agency therefore committed no legal error.  "Because the BIA's decision evinces no misunderstanding of the agency's broad discretion to grant or deny sua sponte relief—that is, the BIA 'exercise[d] its authority against the correct legal background'—there is nothing left for us to review."  *Id.* at 1235 (alteration in original) (quoting *Bonilla*, 840 F.3d at 588).

The petition is **DENIED.**